IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| **KQUAWANDA S. MOORE,** ) | |
| ) | |
| Plaintiff, ) | Cause No. 1122·CC 00202 |
| ) | |
| v. ) | Division No. _____ |
| ) | |
| **CONCENTRA HEALTH** | |
| **SERVICES, INC.** ) | |
| Serve: CSC Lawyers Incorporating Service ) | |
| Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| **OCCUPATIONAL HEALTH CENTERS** ) | |
| **OF THE SOUTHWEST, P.C.** ) | |
| Serve: HOLD SERVICE ) | |
| ) | |
| Defendants. ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff and for her Petition for Damages, states:

### Parties

1.     Plaintiff is an adult citizen of the State of Missouri, residing in the City of

St. Louis.

2.     Defendant Concentra Health Services, Inc. is a corporation authorized to

do business in Missouri with its corporate headquarters located at 5080 Spectrum Drive,

1200 W. Tower, Addison, TX 75001, and its registered agent in the State of Missouri is

located at 221 Bolivar Street, Jefferson City, MO 65101.

3.     Defendant Occupational Health Centers of the Southwest, P.C., is a

professional corporation authorized to do business in Missouri with its corporate

headquarters located at 5080 Spectrum Drive, 1200 W. Tower, Addison, TX 75001, and




EXHIBIT

A

its registered agent in the State of Missouri is located at 221 Bolivar Street, Jefferson City, MO 65101.

4.       Defendants (hereinafter referred to collectively as "Concentra") provide drug testing services to employers throughout the United States, including Missouri.

### Jurisdiction & Venue

5.       Jurisdiction is vested in this Court in that Defendant Concentra transacted business within the State of Missouri and the events giving rise to this cause of action occurred within Missouri.

6.       Venue is proper in St. Louis City Circuit Court pursuant to § 508.010 RSMo.

### Facts Common to All Counts

7.       In June, 2011, Plaintiff was employed as a school bus driver by Go Ahead North America.

8.       As a school bus driver, Plaintiff held a school bus endorsement on her driver's license, issued pursuant to § 302.272 RSMo.    In addition, Plaintiff was subject to random drug tests per regulations issued by the Department of Transportation ("DOT").

9.       Plaintiff had successfully taken numerous random drug tests during her years of employment as a bus driver.

10.      DOT required drug tests are governed procedurally by 49 C.F.R. Part 40.

11.      School bus drivers, like Plaintiff, are required to submit to DOT drug tests, and refusing a DOT drug test leads to serious negative repercussions.

12.     Employers of school bus drivers, like Go Ahead North America, are required to follow the procedural requirements of 49 C.F.R. Part 40 when administering DOT drug tests to employees.   However, employers are authorized to hire outside companies, or third party administrators, to conduct DOT drug tests of their employees.

13.     In this case, Go Ahead North America hired Defendant Concentra to act as its third party administrator in administering the DOT drug tests to its employees.

14.     49 C.F.R. Part 40 requires that lab results be received and reviewed by a Medical Review Officer ("MRO"), and that an employee of the employer serve as the Designated Employer Representative ("DER").

15.     On June 24, 2011, Plaintiff undertook a DOT drug test through Defendant Concentra.  Said test was conducted in the City of St. Louis, at 1120 South 2nd Street, St. Louis, MO 63104.

16.     DOT drug tests require the subject to produce at least 45 mL of urine.

17.     At the time, and unbeknownst to Plaintiff, Plaintiff was suffering from a urinary tract infection.

18.     As a result of the urinary tract infection, Plaintiff could not produce the required amount of urine to complete the drug test.

19.     Failing to produce the required amount of urine is NOT considered a refusal to take the test, and DOT regulations set forth a detailed procedure that must be followed when a subject is unable to produce the required amount of urine.   Said procedure is set forth in 40 C.F.R. 40.193, a copy of which is attached hereto as Exhibit A and incorporated herein.

20.     In summary, the required procedure set forth in 40 C.F.R. 40.193 for when a subject cannot produce the required amount of urine is as follows: (1) the collector must allow the subject to drink up to 40 ounces of fluid; (2) the collector must give the subject three hours to attempt to produce a sufficient amount of urine; (3) if the subject is unable to produce a sufficient amount of urine in the three hour window, the collector must discontinue the collection; (4) the collector must then notify the MRO and the DER of the situation; (5) the DER must then inform the subject that she may obtain an evaluation from a doctor of her choosing ("referral physician") to determine if a medical condition is causing the inability to produce a sufficient amount of urine; (6) the MRO must then contact the referral physician and provide him or her with certain information and instructions; (7) the referral physician then reports back to the MRO, and the MRO can either accept or reject the referral doctor's findings; and (8) if the referral physician finds the subject's inability to produce the required amount of urine was caused by a medical condition (and the MRO accepts this finding), then the test is simply cancelled, and it is not considered a failure or refusal and is not held against the subject.

21.     Despite the clear procedure set forth in 49 C.F.R. 40.193, the Concentra collector, Jerry Vanover, improperly characterized Plaintiff's drug test as a refusal, and notified the DER that Plaintiff's test was a refusal.  See Exhibit B.

22.     In addition, the collector did not provide Plaintiff with a full three hour window as required by 49 C.F.R. 40.193.

23.     On the next business day, June 27, Plaintiff went to her doctor at the Myrtle Hilliard Davis Comprehensive Health Center for an examination (June 24 was a Friday).

24.     Plaintiff was diagnosed with and treated for a urinary tract infection. Plaintiff's doctor opined that the UTI was the cause of Plaintiff's inability to produce a sufficient amount of urine for the June 24 test.

25.     The MRO identified by the collector on June 24 was a doctor named Eleanor Gilbert, located in Utah.

26.     Plaintiff and her doctor were not able to speak with Dr. Gilbert, and Dr. Gilbert never attempted to contact Plaintiff.

27.     On July 18, 2011, another doctor, Jill Captain, submitted an MRO report to Plaintiff's employer, which stated Plaintiff refused to take the drug test on June 24. See Exhibit C.

28.     Dr. Captain had never spoken with Plaintiff or the referral physician.

29.     As set forth in detail above, Dr. Captain's report was false, as Plaintiff had not refused to take the drug test on June 24, 2011.

30.     On July 19, 2011, Plaintiff was terminated from her employment.

31.     On July 26, 2011, Plaintiff's employer informed the Missouri Department of Revenue that Plaintiff had refused to complete a drug test, and consequently her school bus endorsement was revoked.

32.     Defendant Concentra is or should be aware of the required procedure set forth in 49 C.F.R 40.193, as its website states that:  "Concentra DOT drug screenings help you to comply with regulatory guidelines set by the Department of Transportation."

## Count I – General Negligence

33.     Plaintiff hereby adopts by reference paragraphs one (1) through thirty-two (32) and all subsequent paragraphs contained within this Petition for Damages as though fully set forth herein.

33.     Defendant Concentra owed Plaintiff a general duty to protect her from injury.

34.     Defendant Concentra, through its agents, servants and employees, including Mr. Vanover, Dr. Gilbert and Dr. Captain, violated said duty and was thereby negligent in the following respects:

a)   by failing to give Plaintiff a three hour window to attempt to produce the required amount of urine;

b)   by improperly and inaccurately characterizing Plaintiff's June 24, 2011 drug test as a refusal; and

c)   by failing to properly identify the MRO assigned to handle Plaintiff's drug test.

35.     It was reasonably forseeable that the aforementioned acts of negligence would cause harm to Plaintiff.

36.     As a direct and proximate result of Defendant Concentra's negligent acts as described above, below and herein, Plaintiff was caused to suffer and sustain severe damages, including, but not limited to, the loss of her job, damage to her reputation, and damage to her ability to obtain future employment.

37.     The aforesaid negligent acts committed by Defendant Concentra constitute outrageous conduct and demonstrate a complete indifference to or a conscious disregard

for the health, safety, welfare and rights of Plaintiff and others, and thus entitle Plaintiff to, and warrant the imposition of, punitive damages against Defendant Concentra to deter them and others from like tortious conduct now and in the future.

**WHEREFORE**, Plaintiff prays for judgment under Count I against Defendants, and each of them, jointly and severally, for damages in an amount that is fair and reasonable and in excess of $25,000.00 such as will fairly and reasonably compensate Plaintiff; Plaintiff further prays that punitive damages be assessed against Defendants to deter them and others from like tortious conduct now and in the future; Plaintiff prays for her costs herein incurred and expended, for any and all pre- and post-judgment interest allowed by Missouri law, and for any and other further relief the Court deems just and proper.

<u>**Count II – Negligence Per Se**</u>

38.     Plaintiff hereby adopts by reference paragraphs one (1) through thirty-seven (37) and all subsequent paragraphs contained within this Petition for Damages as though fully set forth herein.

39.     On June 24, 2011, 49 C.F.R. 40.193 was in effect and applicable to Defendant Concentra.

40.     49 C.F.R. 40.193 was intended to protect individuals, like Plaintiff, who are unable to produce a sufficient amount of urine at the time of a DOT required drug test due to a medical condition.

41.     49 C.F.R. 40.193 was intended to protect such individuals, like Plaintiff, from suffering the severe effects of failing or refusing a DOT drug test when their inability to comply with the drug test stems from a medical condition.

42.    Defendant Concentra, through its agents, servants and employees, including Mr. Vanover, Dr. Gilbert and Dr. Captain, violated 49 C.F.R. 40.193 in the following respects:

a)  by failing to give Plaintiff a three hour window to attempt to produce the required amount of urine;

b)  by improperly and inaccurately characterizing Plaintiff's June 24, 2011 drug test as a refusal; and

c)  by failing to properly identify the MRO assigned to handle Plaintiff's drug test.

43.    As a direct and proximate result of Defendant Concentra's acts as described above, below and herein, Plaintiff was caused to suffer and sustain severe damages, including, but not limited to, the loss of her job, damage to her reputation, and damage to her ability to obtain future employment.

44.    The aforesaid negligent acts committed by Defendant Concentra constitute outrageous conduct and demonstrate a complete indifference to or a conscious disregard for the health, safety, welfare and rights of Plaintiff and others, and thus entitle Plaintiff to, and warrant the imposition of, punitive damages against Defendant Concentra to deter them and others from like tortious conduct now and in the future.

**WHEREFORE**, Plaintiff prays for judgment under Count II against Defendants, and each of them, jointly and severally, for damages in an amount that is fair and reasonable and in excess of $25,000.00 such as will fairly and reasonably compensate Plaintiff; Plaintiff further prays that punitive damages be assessed against Defendants to deter them and others from like tortious conduct now and in the future; Plaintiff prays for

her costs herein incurred and expended, for any and all pre- and post-judgment interest allowed by Missouri law, and for any and other further relief the Court deems just and proper.

### Count III – Defamation/Libel

45.     Plaintiff hereby adopts by reference paragraphs one (1) through forty-four (44) and all subsequent paragraphs contained within this Petition for Damages as though fully set forth herein.

46.     On June 24, 2011, and again on July 18, 2011, Defendant Concentra, through its agents, servants and employees, including Mr. Vanover and Dr. Captain, published a defamatory and false statement against Plaintiff.

47.     Specifically, Defendant Concentra stated to Plaintiff's employer that Plaintiff had refused the drug test administered on June 24, 2011.

48.     This statement was false in that Plaintiff had not refused to take the June 24, 2011 drug test.

49.     Defendant Concentra was negligent in publishing this false statement.

50.     As a direct and proximate result of Defendant Concentra's acts as described above, below and herein, Plaintiff was caused to suffer and sustain severe damages, including, but not limited to, the loss of her job, damage to her reputation, and damage to her ability to obtain future employment.

51.     The aforesaid negligent acts committed by Defendant Concentra constitute outrageous conduct and demonstrate a complete indifference to or a conscious disregard for the welfare and rights of Plaintiff and others, and thus entitle Plaintiff to, and warrant

**Subpart I—Problems in Drug Tests**

**§ 40.193   What happens when an employee does not provide a sufficient amount of urine for a drug test?**

(a) This section prescribes procedures for situations in which an employee does not provide a sufficient amount of urine to permit a drug test (i.e., 45 mL of urine).

(b) As the collector, you must do the following:

(1) Discard the insufficient specimen, except where the insufficient specimen was out of temperature range or showed evidence of adulteration or tampering (see §40.65(b) and (c)).

(2) Urge the employee to drink up to 40 ounces of fluid, distributed reasonably through a period of up to three hours, or until the individual has provided a sufficient urine specimen, whichever occurs first. It is not a refusal to test if the employee declines to drink. Document on the Remarks line of the CCF (Step 2), and inform the employee of, the time at which the three-hour period begins and ends.

(3) If the employee refuses to make the attempt to provide a new urine specimen or leaves the collection site before the collection process is complete, you must discontinue the collection, note the fact on the "Remarks" line of the CCF (Step 2), and immediately notify the DER. This is a refusal to test.

(4) If the employee has not provided a sufficient specimen within three hours of the first unsuccessful attempt to provide the specimen, you must discontinue the collection, note the fact on the "Remarks" line of the CCF (Step 2), and immediately notify the DER.

(5) Send Copy 2 of the CCF to the MRO and Copy 4 to the DER. You must send or fax these copies to the MRO and DER within 24 hours or the next business day.

(c) As the DER, when the collector informs you that the employee has not provided a sufficient amount of urine (see paragraph (b)(4) of this section), you must, after consulting with the MRO, direct the employee to obtain, within five days, an evaluation from a licensed physician, acceptable to the MRO, who has expertise in the medical issues raised by the employee's failure to provide a sufficient specimen. (The MRO may perform this evaluation if the MRO has appropriate expertise.)

(1) As the MRO, if another physician will perform the evaluation, you must provide the other physician with the following information and instructions:

(i) That the employee was required to take a DOT drug test, but was unable to provide a sufficient amount of urine to complete the test;

(ii) The consequences of the appropriate DOT agency regulation for refusing to take the required drug test;

(iii) That the referral physician must agree to follow the requirements of paragraphs (d) through (g) of this section.

(2) [Reserved]

(d) As the referral physician conducting this evaluation, you must recommend that the MRO make one of the following determinations:

(1) A medical condition has, or with a high degree of probability could have, precluded the employee from providing a sufficient amount of urine. As the MRO, if you accept this recommendation, you must:

(i) Check "Test Cancelled" (Step 6) on the CCF; and

(ii) Sign and date the CCF.

(2) There is not an adequate basis for determining that a medical condition has, or with a high degree of probability could have, precluded the employee from providing a sufficient amount of urine. As the MRO, if you accept this recommendation, you must:

(i) Check the "Refusal to Test" box and "Other" box in Step 6 on Copy 2 of the CCF and note the reason next to the "Other" box and on the "Remarks" lines, as needed.

(ii) Sign and date the CCF.

(e) For purposes of this paragraph, a medical condition includes an ascertainable physiological condition (e.g., a urinary system dysfunction) or a medically documented pre-existing psychological disorder, but does not include unsupported assertions of "situational anxiety" or dehydration.

(f) As the referral physician making the evaluation, after completing your evaluation, you must provide a written statement of your recommendations and the basis for them to the MRO. You must not include in this statement detailed information on the employee's medical condition beyond what is necessary to explain your conclusion.



EXHIBIT
A

(g) If, as the referral physician making this evaluation in the case of a pre-employment test, you determine that the employee's medical condition is a serious and permanent or long-term disability that is highly likely to prevent the employee from providing a sufficient amount of urine for a very long or indefinite period of time, you must set forth your determination and the reasons for it in your written statement to the MRO. As the MRO, upon receiving such a report, you must follow the requirements of §40.195, where applicable.

(h) As the MRO, you must seriously consider and assess the referral physician's recommendations in making your determination about whether the employee has a medical condition that has, or with a high degree of probability could have, precluded the employee from providing a sufficient amount of urine. You must report your determination to the DER in writing as soon as you make it.

(i) As the employer, when you receive a report from the MRO indicating that a test is cancelled as provided in paragraph (d)(1) of this section, you take no further action with respect to the employee. The employee remains in the random testing pool.

[65 FR 79526, Dec. 19, 2000, as amended at 66 FR 41953, Aug. 9, 2001; 75 FR 59108, September 27, 2010]

NO. 2451   P. 1/2


treated right

1617 Sth 3rd St
St Louis, MO 63104
P-314-421-2557 F-314-421-2046

Improving America's health. one patient at a time.

# FAX

| To: | Tim Wildhaber | From: | Soulard |
| Fax: | 314·771·58·39 | Pages: | 2 |
| Phone: | | Date: | 6/24/11 |
| Re: | K. Moore | cc: | |

Comments:

QNS / Refusal CBT

This fax cover sheet or content may contain promotional information about products or services offered by Concentra. If you would like to discontinue receipt of these promotional announcements, please follow these simple steps:

Write your complete fax number here: _____
( )Check mark here to confirm your request that the fax number above not be used to send promotional messages from Concentra. This will discontinue only those faxes or cover sheets that contain a promotional message. Concentra, in accordance with the FCC, recognizes that failure to comply with your request, within 30 days, is unlawful.

Return this completed information via:
Fax to: _____
Call to: _____
E-mail to: _____

*****CONFIDENTIALITY NOTICE*****
NOTICE: This communication is confidential and is intended only for the person named above. No one other than the named recipient is authorized to use the information contained herein in any manner. If you have received this communication in error, please call the sender (collect if necessary) to identify the error. If you have received this communication in error, please telephone Concentra's HIPAA Hotline at 973-725-6676.

EXHIBIT
3

SPECIMEN ID NO. **113456837**

ΛIN

ADVANCED TOXICOLOGY NETWORK
3560 Air Center Cove, Memphis, TN 38118  (888)222-4894

**1: COMPLETED BY COLLECTOR OR EMPLOYER REPRESENTATIVE**
Employer Name, Address, I.D. No.  **168427**

CHCA-Go Ahead Transportation
3679 Chouteau Avenue
St. Louis, MO 63110
Phone: (314)772-5151

B. MRO Name, Address, Phone and Fax No.
Profile # 303189
BROME - ELEANOR GELASER, MD
1430 SOUTH MAIN STREET STE C
SALT LAKE CITY, UT 84115
Phone: (888)246-4578   Fax: (801)994-9953

Go Ahead TL

C. Donor SSN or Employee I.D. No.

D. Reason for Test:   ☒ Pre-employment   ☐ Random   ☐ Reasonable Suspicion/Cause   ☐ Post Accident
☐ Return to Duty   ☐ Follow-up   ☐ Other (specify)

E. Drug Tests to be Performed: ☒ THC, COC, PCP, OPI, AMP   ☐ THC & COC Only   ☐ Other (specify)

F. Collection Site Address:
COMPRENDE MEDICAL CENTERS
1617 SOUTH 3RD STREET
SAINT LOUIS, MO 63104
258160
11,205 2nd Street
S.E.C. Mo. 63104
Collector Phone No. 314-934-5353
Collector Fax No. 314-934-9553

**STEP 2: COMPLETED BY COLLECTOR**
Read specimen temperature within 4 minutes. Is temperature between 90° and 100° F? ☐ Yes ☐ No, Enter Remark
Specimen Collection: ☐ Split ☐ Single ☐ None Provided (Enter Remark) ☐ Observed (Enter Remark)

REMARKS: MCSA 1st Attempt @ 11:50AM QNS DONOR UNABLE TO PROVIDE SUFFICIENT URINE WITHIN 3 Mo

STEP 3: Collector affixes bottle seal(s) to bottle(s). Collector dates seal(s). Donor initials seal(s). Donor completes STEP 5 on Copy 2 (MRO Copy)
STEP 4: CHAIN OF CUSTODY - INITIATED BY COLLECTOR AND COMPLETED BY LABORATORY
I certify that the specimen given to me by the donor identified in the certification section on copy 2 of this form was collected, labeled, sealed and released to the Delivery Service noted in accordance with applicable Federal requirements.

Jerry VANOVER
(PRINT) Collector's Name (First, MI, Last)
Time of Collection: 2:00 AM
Date (Mo./Day/Yr.) 02411

SPECIMEN BOTTLE(S) RELEASED TO: LAB EXPRESS
Collection Stopped 2:00AM
Name of Delivery Service Transferring Specimen to Lab

**RECEIVED AT LAB:**
Signature of Accessioner
(PRINT) Accessioner's Name (First, MI, Last)
Date (Mo./Day/Yr.)

Primary Specimen Bottle Seal Intact
☐ Yes
☐ No, Enter Remark Below

SPECIMEN BOTTLE(S) RELEASED TO:
Date (Mo./Day/Yr.)

**STEP 5: COMPLETED BY DONOR**
I certify that I provided my urine specimen to the collector; that I have not adulterated it in any manner; each specimen bottle used was sealed with a tamper-evident seal in my presence; and that the information provided on this form and on the label affixed to each specimen bottle is correct.

X DONOR REFUSED TO SIGN
Signature of Donor
KQUAWANDA Moore  02411
(PRINT) Donor's Name (First, MI, Last)

Daytime Phone No. (   )
Evening Phone No. (   )
Date of Birth 5/20/81

Should the results of the laboratory tests for the specimen identified by this form be confirmed positive, the Medical Review Officer will contact you to ask about prescriptions and over-the-counter medications you may have taken. Therefore, you may want to make a list of those medications for your own records. THIS LIST IS NOT NECESSARY. If you choose to make a list, do so on a separate piece of paper or on the back of your copy (Copy 5).--DO NOT PROVIDE THIS INFORMATION ON THE BACK OF ANY OTHER COPY OF THE FORM. TAKE COPY 5 WITH YOU.

**6: COMPLETED BY MEDICAL REVIEW OFFICER - PRIMARY SPECIMEN**
In accordance with applicable Federal requirements, my determination/verification is:
☐ NEGATIVE   ☐ POSITIVE   ☐ TEST CANCELLED   ☐ REFUSAL TO TEST BECAUSE:
☐ DILUTE                                                       ☐ ADULTERATED   ☐ SUBSTITUTED

REMARKS:

Signature of Medical Review Officer
(PRINT) Medical Review Officer's Name (First, MI, Last)
Date (Mo./Day/Yr.)

**7: COMPLETED BY MEDICAL REVIEW OFFICER - SPLIT SPECIMEN**
In accordance with applicable Federal requirements, my determination/verification for the split specimen (if tested) is:
☐ RECONFIRMED   ☐ FAILED TO RECONFIRM - REASON

Signature of Medical Review Officer
(PRINT) Medical Review Officer's Name (First, MI, Last)
Date (Mo./Day/Yr.)

**COPY 2 - MEDICAL REVIEW OFFICER COPY**

07/27/2011
Federal Regulated 

CONCENTRA
881 LAFAYETTE ROAD
SUITE 1B
HAMPTON, NH 03842
(603) 929-1648

TO: Go-Ahead North America
1120 SOUTH SECOND STREET
ST LOUIS, MO 63104

GO AHEAD TRANS IC CMC ST LOUIS MO 2655
3675 CHOUTEAU AVENUE
ST LOUIS, MO 63110

## Medical Review Officer Report
### -Confidential-

This is a notification of a controlled substance test result on:

| | | | |
|---|---|---|---|
| Individual Tested: | Kquawanda Moore | Reason for Test: | Pre-Employment |
| Donor ID: | 493849335 | Specimen ID#: | 113456837 |
| Collection Site: | CONCENTRA AT WORK | Date of Collection: | 06/24/2011 |
| | ST LOUIS, MO | Lab Accession#: | |
| | (314) 434 - 2233 | Lab Reported Date: | |
| | | MRO: | JILL CAPTAIN |
| | | MRO Received Date: | 07/18/2011   Time: 1313 |
| | | MRO Report Date: | 07/18/2011   Time: 1313 |
| | | MRO Date CCF2: | |
| | | Specimen Type: | Urine |
| | | Drug Panel: | |

Substances included in test profile:

This controlled substance test was conducted in accordance with 49 CFR Part 40.
The verified result is:   *** Refusal Other ***

Comments:
DONOR REFUSAL

EXHIBIT
C

JILL CAPTAIN



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>STEVEN RUSSELL OHMER | Case Number:  1222-CC00002 |
| Plaintiff/Petitioner:<br>KQUAWANDA S MOORE | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS BRIAN PONDER<br>1141 SOUTH 7TH STREET<br>SAINT LOUIS, MO 63104 |
| vs. | |
| Defendant/Respondent:<br>CONCENTRA HEALTH SERVICES INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD |
| Nature of Suit:<br>CC Other Tort | SAINT LOUIS, MO  63101 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  CONCENTRA HEALTH SERVICES INC
            Alias:

CSC LAWYERS INC SERVICE CO                          COLE COUNTY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*CITY OF ST LOUIS*

           You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

January 19, 2012
      Date

                                  M. Jane Schweitzer
                                  Circuit Clerk

      Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____
_____ (address)
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                     _____
    Printed Name of Sheriff or Server                      Signature of Sheriff or Server

           **Must be sworn before a notary public if not served by an authorized officer:**

           Subscribed and sworn to before me on _____ (date).

*(Seal)*

           My commission expires: _____            _____
                            Date                          Notary Public

**Sheriff's Fees, if applicable**
Summons   $_____
Non Est     $_____
Mileage    $_____ ( ____ miles @ $ ._____ per mile)
Total       $_____
A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.